JAMES E. WELLS v. JAMES ARTHUR JACKSON AND AMERICAN MUTUAL FIRE INSURANCE COMPANY

No. 8626SC1208

(Filed 19 May 1987)

Attorneys at Law § 7.5— automobile accident case—amount of judgment—attorney fees as part of costs

Attorney fees could be allowed under N.C.G.S. § 6-21.1 in an automobile accident case where the jury's verdict for personal injuries and property damage was for more than $5,000 but the judgment was for less than $5,000 after the property damage verdict was credited for amounts received from a collision insurer and a salvage buyer.

APPEAL by defendant Jackson from *Burroughs, Judge.* Judgment entered 1 July 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 April 1987.

Plaintiff's suit is for personal injuries and property damage sustained in a motor vehicular collision. In the complaint he alleged that the collision was caused by the defendant Jackson; and in the alternative he also alleged that if the collision was caused by a phantom hit and run driver, as defendant Jackson had asserted, that his own uninsured motorist carrier, defendant American Mutual Fire Insurance Company, was liable for his damages. During the course of discovery when defendant Jackson failed to respond to the plaintiff's discovery inquiries concerning the alleged hit and run driver Judge Grist entered an order in ef-

Wells v. Jackson

fect eliminating the phantom driver issue from the case, and plaintiff then voluntarily dismissed his claim against defendant American Mutual Fire Insurance Company. When the trial began defendant Jackson stipulated to his negligence and agreed to try the case solely on the damages issue. The result of that trial was a verdict that plaintiff had been damaged in the amount of $4,365 because of personal injuries and $4,500 because of damage to his property. Before trial plaintiff received $4,200 from his collision carrier and a salvage buyer in partial satisfaction of his property damage claim and he stipulated that the property damage verdict would be credited with the $4,200 so received. The credit was made and judgment was entered for the plaintiff in the amount of $4,665, and as part of the costs plaintiff was allowed an attorney fee in the amount of $1,250, as authorized by G.S. 6-21.1. Later a supplemental judgment was entered explaining why judgment was entered for $4,665, rather than the total amount of the verdict. Defendant appealed from the part of the judgment allowing plaintiff a fee for his counsel.

*Michael J. Bednarik for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Philip R. Hedrick, for defendant appellant.*

PHILLIPS, Judge.

When this case was tried attorney fees could be allowed under G.S. 6-21.1 only "where the judgment for recovery of damages" was $5,000 or less, and defendant's sole assignment of error asserts that the trial court erred by awarding attorney fees in this case because the "principal amount of the judgment was in an amount greater than $5,000." Obviously, this assignment is without foundation, as the principal amount of the judgment was $4,665. His argument that G.S. 6-21.1 does not authorize the allowance of counsel fees because the *verdict* was for more than $5,000 is unavailing; the statute refers only to the amount of the judgment and we have no authority to enlarge it.

No error.

Judges COZORT and GREENE concur.